**UNITED STATES OF AMERICA**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 08-61199-CIV- MARRA**

**RANDY BORCHARDT, et al.,**
     **plaintiffs,**

**vs.**

**MAKO MARINE INTERNATIONAL, INC. and**
**TRACKER MARINE, LLC,**
     **defendants.**
_____/

**OPINION AND ORDER GRANTING in PART and DENYING in PART**
**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S**
**FOURTH AMENDED COMPLAINT [DE#151]**

This putative class action involves product design defect claims against Mako Marine

International, Inc. ("Mako"), the manufacturer of the "Mako 282" vessel, and its successor- in-

interest, Tracker Marine, LLC ("Tracker Marine").   In earlier proceedings, the court dismissed

plaintiffs' claim for breach of express warranty for failure to plead with sufficient particularity,

and dismissed the claim for breach of  implied warranty for failure to plead privity, leaving intact

the remaining claims for  unjust enrichment and violation of  the Florida Deceptive and Unfair

Trade Practices Act [DE# 64].

The plaintiff's complaint has since gone through two transformations, resulting in the

operative fourth amended complaint, which eliminates a number of the previously named

defendants and adds new claims  for breach of express warranty under the federal Magnuson-

Moss Warranty Act (MMWA) and violation of the Missouri Merchandising Practices Act

(MMPA) [DE# 147].

The case is now before the court upon the defendants' motion to dismiss the fourth

amended complaint for failure to state a claim [DE# 151] together with plaintiffs' response in

opposition [DE #156].  For the reasons which follow, the court will grant the motion with

prejudice as to the breach of warranty claims (Counts 1 through 4) and the Missouri MMPA

claim (Count 6), and shall deny the motion in all other respects.

**Breach of Express Warranty: Marketing and Manual Materials (Count 1)**

Under Florida law, in order to recover for breach of a warranty, either express or implied,

the plaintiff must be in privity of contract with the defendant.  *See Weiss v Johansen*, 898 So.2d

1009 (Fla. 4th DCA 2005)*; Williams v. Bear Stearns & Co*, 725 So.2d 397 (Fla. 5th DCA 1998),

*rev. den*. 737 So.2d 550 (Fla. 1999); *Intergraph Corp. v. Stearman*, 555 So.2d 1282 (Fla. 2d

DCA 1990).  *See also American Coach Lines of Orlando, Inc. v. North American Bus Industries

Inc.,* 2011 WL 653524 (M.D. Fla. 2011); *Levine v. Wyeth, Inc*., 684 F. Supp. 2d 1338, 1345

(M.D. Fla. 2010)(collecting Florida cases);  *TWM & SM v. American Med. Systems, Inc*., 886 F.

Supp. 842 (N.D. Fla. 1995), citing *Kramer v. Piper Aircraft Corp.,* 520 So.2d 37 (Fla. 1988).[1]

In limited circumstances, Florida courts have found the privity requirement met without

an actual contract between the manufacturer and the purchaser, where the manufacturer's

representative had direct contacts with the purchaser which induced the purchaser to buy the

product.  *Cedars of Lebanon Hosp. Corp. v. European X -Ray Distributors of America, Inc*, 444

So.2d 1068 (Fla. 3d DCA 1984). *See also Carnival Corp v. Rolls -Royce PLC,*  2009 WL

3861450 (S.D. Fla. 2009) and cases cited *infra*.  Similarly, privity has been found where the

---

[1] In contrast, a remote buyer may be able to enforce an express warranty against  a
manufacturer under the federal Magnuson-Moss Warranty Act, *see e.g. Rentas v.
DaimlerChrysler Corp,* 936 So.2d 747 (Fla. 4th DCA 2006); *Cerasini v. American  Honda Motor
Co.*, 916 So.2d 843 (Fla. 2d DCA 2005), and plaintiffs have now alleged such a claim at Count 8
of their amended complaint, discussed *infra*.

manufacturer voluntarily extended  the terms of an express warranty to remote buyers of the

product, *see e.g. Fischetti v. American Isuzu Motors, Inc*., 918 So.2d 974 (Fla. 4th DCA 2006);

*Mesa v. BMW of North America, LLC,*  904 So.2d  450 (Fla. 3d DCA 2005)(plaintiff entitled to

enforce rights arising from manufacturer's express warranty, despite lack of privity, where clear

terms of the warranty extended to subsequent purchasers and warranty rights had been assigned),

or where an assignment of warranty rights is implied.  *See e.g.  Federal Ins. Co v. Lazzara Yachts*

*of North America, Inc*., 2010 WL 1223126 (M. D. Fla. 2010)(state law breach of express

warranty claim sufficient to withstand  motion to dismiss where plaintiff alleged existence of

purchase agreement requiring intermediary seller to provide "ship set of manufacturer's

equipment manuals," including owner's manual).

      In this case, the plaintiff's complaint  refers to the existence of a twelve year express

warranty [Fourth Amended Complaint ¶ 34], but it  does not specify where, when and in what

context the alleged warranty statements were  made.  More importantly, the complaint does not

allege actual direct contractual privity for the purchase of the Mako 282 vessels in question; it

does not  allege indirect privity for the purchase through agents of the defendant manufacturers;

it does not allege direct contacts between defendants and plaintiffs which induced the sale of the

Mako 282 vessels; it does not allege  the voluntary creation of an express warranty running  in

favor of remote buyers, and it does not allege facts from which an assignment of warranty rights

may be inferred.

      Because privity is necessary for an express warranty claim and plaintiffs, on their fifth

attempt, do not allege any facts establishing privity, the express warranty claim set forth at Count

1 shall be dismissed with prejudice for failure to allege an essential element of claim. *See e.g.*

*Point Blank Solutions, Inc. v. Toyobo America, Inc.,* 2011 WL 183366 (S.D. Fla. 2011).

**Breach of Express Warranty: Recall Notice (Count 2)**

The fourth amended complaint purports to state a distinct express warranty claim based on the content of recall notices issued by the defendant manufacturers in response to a 2004 Coast Guard recall mandate. In particular, the plaintiffs claim that the defendants' recall notices included a promise to repair a hull defect design which was essentially uncorrectable, and that the defendants in fact failed to correct the hull design defect inherent in the Mako 282 vessels which they purchased.

These statements of remedial intent and promise to repair in the context of a recall campaign were, by definition, made outside the context of a sale to plaintiffs. With no allegation of a sale, privity or contract between defendants and plaintiffs, and no allegation of an express warranty voluntarily extended by defendants to remote purchasers such as plaintiffs, the breach of express warranty claim based on alleged promises and representations contained in the 2004 recall notices (Count 2) must also be dismissed with prejudice for failure to allege an essential element of claim. *See e.g. Spolski General Contractor, Inc. v. Jett-Aire Corp. Aviation Management of Central Florida, Inc.,* 637 So.2d 968 (Fla. 5th DCA 1994). [2]

---

[2] The plaintiffs alternatively contend that their express warranty claims may be governed by Missouri law, which allows a claim for breach of warranty without the necessity of proving privity, theorizing that both defendants maintain a principal place of business in Missouri, and that the warranty claims and repairs described in the complaint were handled through the Missouri offices of defendant Tracker Marine [Complaint ¶ 80].

However, because the complaint fails to allege where the plaintiffs purchased their vessels, and fails to allege any facts supporting application of Missouri law, the court is required to apply the law of Florida, rather than Missouri, to both the implied and express warranty claims. *See Cavic v. Grand Bahama Dev. Co., Ltd. ,* 701 F.2d 879 (11th Cir. 1983), citing Restatement (Second) of Conflicts § 136; *Brisson v. Ford Motor Co.*, 602 F. Supp.2d 1227 (M.D. Fla. 2009), *aff'd in part, vacated in part on other grounds and remanded*, 349 Fed. Appx.

### Breach of Implied Warranty (Counts 3 and 4)

In its earlier ruling addressing the sufficiency of the second amended complaint, the court dismissed plaintiffs' breach of implied warranty claims for failure to allege privity, with leave to amend if plaintiff could, in good faith, do so. As it is now apparent that the plaintiffs have not and cannot allege privity, the common law breach of implied warranty claims (Counts 3 and 4) shall be dismissed with prejudice. *See Mesa v. BMW of North America, LLC,* 904 So.2d 450 (Fla. 3d DCA 2005). *See also David v. American Suzuki Motor Corp.*, 629 F. Supp. 2d 1309 (S.D. Fla. 2009) and Florida cases collected *infra.*

### Florida State Law Claims (Counts 5 and 7)

For reasons stated in the court's earlier order addressing the sufficiency of the second amended complaint, the allegations of the complaint are sufficient to state a claim for violation of the Florida Deceptive and Unfair Trade Practices Act (Count 5) and for unjust enrichment (Count 7). The defendants' motion to dismiss these claim shall therefore be **DENIED.**

### Missouri Merchandising Practices Act Claim (Count 6)

In Count 8, plaintiffs invoke the protections of the Missouri Merchandising Practices Act (MMPA), V.A. M. S. §§ 407.010 *et seq*., which prohibits "deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce ... in or from the state of Missouri...." § 407.020 (2001).

---

433 (11th Cir. 2009)(unpub).

At § 407.025.1, the MMPA further provides:

Any person who purchases or leases merchandise primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 407.020, may bring a private civil action ... to recover actual damages.

Under the definition provided at § 407.010 (7), "trade or commerce" means the "advertising, offering for sale, sale, or distribution or any combination thereof, of any services and any property..."  While § 407.010(7) further defines the terms  "trade" and "commerce" to "include" any trade or commerce "directly or indirectly affecting the people of this state, " Missouri courts recognize that this language does not necessarily restrict application of the MMPA to consumer victims domiciled within the State of Missouri, or to business transacted entirely within Missouri's  territorial  borders. *See State ex rel. Nixon v. Estes*, 108 S. W. 3d 795 (Mo. App. W. D. 2003).   However, as provided at § 407.010, the sweep of  the statute is expressly  restricted to trade or commerce which originates or occurs  "in or from" the State of Missouri. *Id.*  at 800.

In this case, the complaint does not allege the existence of any "sale" or "advertisement" emanating  "in or from" the State of Missouri. There is no allegation that defendants made or solicited the sales of plaintiffs' vessels from a location within Missouri, and no allegation that defendants generated any "advertisement" from Missouri which was disseminated to plaintiffs in Florida or elsewhere.  The defendants' alleged promises to repair structural defects of the vessel, made pursuant to and within the context of the 2004 Coast Guard recall mandate, do not qualify as  "advertisements," which the Missouri statute specifically defines to mean "the attempt by

publication, dissemination, solicitation, circulation, or any other means to induce, directly or indirectly, any person to enter into any obligation or acquire any title or interest in any merchandise." § 407.010 (1). Similarly, the handling or processing of hull defect warranty claims through the defendants' Missouri offices, as described in the complaint, does not constitute an "advertisement" or "sale" as those terms are defined in the MMPA.

Because a claim under the Missouri statute is necessarily restricted to a "sale" or "advertisement" which originates or occurs "in or from" the State of Missouri, and the plaintiffs do not allege any such sale or advertising activity, the claim under the MMPA shall be dismissed with prejudice.

**Magnuson-Moss Warranty Act Claim**

Finally, defendants contend that because the plaintiffs cannot maintain a cause of action for breach of express warranty under Florida law, for lack of an element of sale, they cannot allege a claim under the federal Magnuson-Moss Warranty Act (MMWA). Specifically, defendants contend that the plaintiffs fail to allege sufficiently that an express warranty was conveyed by defendants at the time of sale which formed part of the basis of the bargain between the parties.

Section 2310 of the MMWA permits "a consumer who is damaged by the failure of a ... warrantor .. to comply with ... a written warranty" to bring a suit for damages. 15 U.S.C. § 2310(d)(1). The statute contains two alternative definitions for "written warranty":

(A)  any written affirmation of fact or written promise made in connection with the sale of a consumer product by a supplier to a buyer which relates to the nature of the material or workmanship and affirms or promises that such material or workmanship is defect free or will meet a specified level of performance over a specified period of time; or

7

(B)     any undertaking in writing in connection with the sale by a supplier of a consumer product to refund, repair, replace or take other remedial action with respect to such product in the event  that such product fails to meet the specifications set forth in the undertaking, which written affirmation, promise or undertaking becomes part of the basis of the bargain between a supplier and a buyer for purposes other than resale of such product.

*Id.* § 2301(6).

The first definition, which arguably applies to the warranty contained in the boats' owner's manual [Fourth Amended Complaint, ¶ 36], does not require that the warranty be "part of the basis of the bargain" between the seller and the buyer.  *See Rehberger v. Honeywell Intern., Inc*., 2011 WL 780681 (M.D. Tenn. 2011).   The MMWA was created to enhance the enforceability of warranties in an effort to protect the consumer, *see Rentas v. Daimler-Chrysler Corp.,* 936 So.2d 747 (Fla. 4th DCA 2006), and cases cited *infra,* and its protective sweep is broader than that afforded under Florida common law.

Under the MMWA, "a consumer may bring suit against a warrantor in any state for failure to comply with its obligation under a written warranty or implied warranty." § 2310(d)(1). To bring suit, the plaintiff must fit into one of three categories: (1) a category one consumer, i.e. a  "buyer (other than for purposes of resale) of any consumer product;" (2)  a category two consumer, i.e "any person to whom [a consumer product] is transferred during the duration of an implied or written warranty (or service contract) applicable to the product," or  (3) a category three consumer, i.e.  "any other person who is entitled by the terms of such warranty (or service contract) or under applicable  state law to enforce against the warrantor (or service contractor) the obligations of the warranty (or service contract). *See Rentas, supra*; 15 U.S.C. § 2301(3).

In this case, the allegations of the complaint suggest that plaintiffs may qualify as protected consumers under at least categories one and two: As purchasers of the vessel, from unidentified third parties, they are buyers of a consumer product other than for purpose of resale and potentially fall within category one. Because there is also a suggestion that the vessels were transferred to them during the manufacturer's original 12 year warranty, they also potentially qualify as category two consumers.

It is not necessary for plaintiffs to allege that the express warranty was part of the "basis of the bargain" between the defendants and plaintiffs, or that contractual privity otherwise exists between these parties. S*ee Rentas, supra* (neither subsections § 2301(6) (a) or (b) require the written warranty to have been made between the original manufacturer and the eventual consumer seeking to enforce it; the only limitation is that the buyer with whom the bargain was made must have been "a buyer for purposes other than resale"); *Cerasani v. American Honda Motor Co.,* 916 So.2d 843 (Fla. 2d DCA 2005)(privity not required to state claim for breach of express warranty under MMWA); *Mesa v. BMW of North America,* 904 So.2d 450 (Fla. 3d DCA 2005)(same).

Thus, the plaintiffs' MMWA claim does not fail simply because their state law express warranty claims fail.[3] The motion to dismiss the MMWA claim shall accordingly be denied.

---

[3]Defendants alternatively contend that the plaintiffs' MMWA claim fails because plaintiffs fail to name more than 100 plaintiffs as required for class actions under the MMWA. *See* 15 U.S.C. § 2310(d)(3)(C). Defendants recognize that the court previously left open the question of whether the Class Action Fairness Act might operate as an alternative basis for the exercise of jurisdiction over this claim in its October 6, 2010 order authorizing the plaintiffs to amend their complaint to subsume the MMWA claim [DE# 146]. However, this issue has not yet been briefed by the parties. In light of the plaintiff's currently pending motion for class certification [DE# 160], the court has determined to reserve ruling upon it, with leave for defendants to renew their jurisdictional challenge to the MMWA claim, if appropriate, at the

**Conclusion**

Based on the foregoing, it is **ORDERED AND ADJUDGED**:

1.  The defendants' motion to dismiss the breach of express warranty claims (Counts 1 and 2) [DE#151] is **GRANTED**, and  these claims are **DISMISSED WITH PREJUDICE** for failure to state a claim.

2.  The defendants' motion to dismiss the breach of implied warranty claims [DE#151] (Counts 3 and 4) is **GRANTED**, and these claims are **DISMISSED WITH PREJUDICE** for failure to state a claim.

3.  The defendants'  motion to dismiss the claim for unjust enrichment (Count 7) [DE#151] is **DENIED.**

4.  The defendants' motion to dismiss the claim for violation of  the Florida Deceptive and Unfair Trade Practices Act (Count 5) [DE#151] is **DENIED.**

5.  The defendants' motion to dismiss the claim for violation of the Missouri Merchandising Practices Act (MMPA) (Count 6) [DE#151] is **GRANTED,** and this claim is **DISMISSED WITH PREJUDICE** for failure to state a claim.

6.  The defendants' motion to dismiss the federal Magnuson -Moss Warranty Act claim (Count 8) [DE#151] is **DENIED.**

conclusion of the class certification proceedings.

7.   The defendants' request for oral argument [DE# 153] is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 23rd day of

May, 2011.

_____
Kenneth A. Marra
United States District Judge

cc. All counsel

11