UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61199-CIV-MARRA

RANDY BORCHARDT, on behalf of himself
and all others similarly situated, et al.,
    plaintiffs,

vs.

MAKO MARINE INTERNATIONAL, INC. and
TRACKER MARINE, LLC,
    defendants.
_____/

**OPINION AND ORDER DISMISSING PLAINTIFFS'
PURPORTED CLASS ACTION COMPLAINT FOR
LACK OF SUBJECT MATTER JURISDICTION**

This matter is before the court on plaintiffs' motion for class certification pursuant to Fed. R. Civ. P. 23(a) [DE # 160]. Initially, plaintiffs sought to certify a nationwide class consisting of all current owners of Mako 272 boats manufactured between 1997 and 2001. At the time of oral argument, however, plaintiffs narrowed this request, urging instead certification of a statewide class consisting of all current owners of Mako 272 boats manufactured between 1997 and 2001 who purchased their boats in the State of Florida.

The claims for which plaintiffs' purported class seek relief all arise under the Florida Deceptive and Unfair Trace Practices Act (FDUTPA) and state contract law. This court has federal question subject matter jurisdiction over the named plaintiffs' individual claims under the Magnuson-Moss Warranty Act, 15 U.S.C. §2301 ("Magnuson-Moss").

Plaintiffs do not seek to certify a class under Magnuson-Moss because it imposes a one hundred -named plaintiff requirement for maintaining class actions. 15 U.S.C. §2310(d)(3)(C).

Instead, in their operative Fourth Amended Complaint, plaintiffs allege jurisdiction over this putative class action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1332(d), contending simply that the aggregate amount of the matter in controversy exceeds $5,000,000.00 [DE# 147 ¶ 9]. The Complaint alleges a putative nationwide class [¶46] and an alternative Florida statewide sub-class [¶ 47], but does not indicate the estimated number of persons in either class other than to aver generally as to both that the "claims are so numerous that joinder of all individual members is impractical" [¶49].

The CAFA imposes a minimum one-hundred class member threshold. 28 U.S.C. § 1332(d)(5)(B). In light of plaintiffs' voluntary refinement of the putative class to a Florida class consisting of an estimated eighty-three Florida consumers, the court issued an order to show cause why the plaintiffs' class action complaint should not be dismissed for lack of subject matter jurisdiction in light of this numerical deficiency in the newly refined putative class [DE# 210]. Both parties have since filed responses [DE# 213, 219, 220] and the matter is now ripe for determination.

In their response, plaintiffs do not formally or expressly abandon their invocation of the CAFA as a jurisdictional premise for their class action allegations, but they effectively do so. This is the case because plaintiffs do not contest or address the jurisdictional bar created by the CAFA's minimum 100-class member threshold as it applies to the newly defined putative class in this case. Instead, plaintiffs now seek to assert subject matter jurisdiction for their state law-based class action by appending it to their individual Magnuson-Moss claims under 28 U.S.C. §1367 and seek permission to amend the jurisdictional allegations in their complaint accordingly.

In support of this assertion, plaintiffs cite *Allapattah Services, Inc. v. Exxon Corp.*, 333

F.3d 1248 (11th Cir. 2003), aff'd  545 U.S. 546, 125 S. Ct. 2611, 162 L. Ed.2d 502  (2005)  – a pre-CAFA case – for the proposition that the supplemental jurisdiction statute, 28 U.S.C. §1367, permits exercise of jurisdiction over state law claims of putative class members who do not meet the minimum amount in controversy, as long as the district court has original diversity jurisdiction over the claims of at least one of the named class representatives.  Plaintiffs also rely on an unpublished Third Circuit opinion, *Shah v Hyatt Corporation*, 425 Fed. Appx. 121, 2011 WL 1570598  (3d Cir. 2011) as an example of a post-CAFA case recognizing discretionary supplemental jurisdiction under §1367 as an alternative class action jurisdictional hook where jurisdiction is otherwise lacking under the CAFA.

    The defendants argue that it is unfair and prejudicial to permit the plaintiffs another opportunity to amend their jurisdictional allegations at this advanced stage of the litigation, and, in any event, that the passage of the Class Action Fairness Act of 2005  "controls over the holding in *Allapattah*," essentially suggesting that  the holding in *Allapattah* has been abrogated by statute.[1]

    The court need not reach the merits of either defense contention, however, because it concludes that Magnuson-Moss  plaintiffs suing  in federal court cannot, under the express terms

---

[1] The majority opinion in *Allapattah* comments on  the intervening passage of  the Class Action Fairness Act, noting that the holding of the case is not mooted by passage of  that legislation because the Act  is not retroactive, and in any event because  "many proposed exercises of supplemental jurisdiction, even in the class action context, might not fall within the CAFA's  ambit." *Id*. at 2628.

of the supplemental jurisdiction statute,[2] rely solely on 28 U.S.C. § 1367 to support a putative class action asserting exclusively state claims.  Consequently, the court must dismiss the plaintiffs' purported class action in this case for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3).

## Discussion

The Magnuson-Moss Warranty Act provides the named plaintiffs in this action with their individual federal causes of action, where they allege individual warranty claims that equal or exceed $25, and the aggregate amount in controversy, computed on the basis of the lost property value alone, exceeds $50,000. 15 U.S.C. §§ 2310(d)(1); 2310 (d)(3)(A); 2310(d)(3)(B).

However, plaintiffs clearly cannot maintain a class action directly under Magnuson-Moss because they cannot satisfy the requirements of subsection (3)(C) that the number of named plaintiffs equal or exceed one hundred. [3] The one-hundred plaintiff requirement for maintenance of a class action under Magnuson-Moss is in addition to the requirements of Rule 23, *Walsh v Ford Motor Co.*, 807 F. 2d 1000 (D.C. Cir. 1986).  This specific statutory limitation cannot be avoided by attempting to append state law class action claims as supplemental claims under 28 U.S.C. § 1367 to an individual Magnuson-Moss claim simply because the requirements for

---

[2] 28 U. S. C. §1367(a) provides in pertinent part (emphasis supplied):

(a) *Except* as provided in subsections (b) and (c) or *as expressly provided otherwise by Federal statute*, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III or the United States Constitution......

[3] The number of named plaintiffs here is three.  The number of potential class members identified by plaintiffs in their request for class certification is approximately eighty-three.

original diversity jurisdiction under 28 U.S.C. § 1332 are also satisfied.

The named plaintiffs invoke Magnuson-Moss to pursue what are essentially individual state warranty claims in federal court. *See Walsh, supra* (except in specific instances in which Magnuson-Moss Warranty Act expressly prescribes a regulating rule, the Act calls for application of state written and implied warranty law, not creation of additional federal law). Magnuson-Moss gives plaintiffs the right to pursue these claims in this forum, where they have satisfied the statute's express jurisdictional prerequisites for doing so. 15 U.S.C. §2310(d). They may also present their state law statutory and common law claims under the supplemental jurisdiction statute, 28 U.S.C. §1367.

However, invocation of supplemental jurisdiction is only proper when not "expressly provided otherwise by Federal Statute...." Here, a federal statute -- specifically the Magnuson-Moss Warranty Act -- does "expressly provide otherwise." It expressly provides that class actions with named plaintiffs numbering less than one hundred are not cognizable in the district courts of the United States. 15 U.S. C. § 2310(d). Because the number of named plaintiffs in the putative class action before this court is currently three, and the plaintiffs do not assert that there are at least one hundred Florida consumers that they could conceivably join as named plaintiffs in this action, the purported class action is not cognizable in this court under Magnuson-Moss and consequently is not cognizable under 28 U.S.C. §1367.

Finally, even if the supplemental jurisdiction statute were potentially applicable here, the court would decline to exercise its discretionary jurisdiction under 28 U.S.C. §1367(c)(4) on the ground that the one hundred-plaintiff jurisdictional bar to maintaining class actions under Magnuson-Moss constitutes "exceptional circumstances" and the expression of Congressional

5

intent which provides a sufficiently "compelling reason" to decline jurisdiction over the state law claims of the putative class. *See Hatfield v Oak Hill Banks*, 115 F. Supp. 2d 893 (S. D. Ohio 2000).

## Conclusion

Based on the foregoing, it is **ORDERED AND ADJUDGED**:

1. The plaintiffs' putative statewide class action is **DISMISSED** for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3).

2. The plaintiff's motion for class certification [DE# 160] is **DENIED.**

3. The plaintiff's motion for leave to file supplement to reply in support of motion for class certification [DE# 179] is **DENIED as MOOT**.

4. This action remains pending as to the individual state law- based warranty claims of the three named plaintiffs asserted under the Magnuson-Moss Warranty Act, the individual Florida statutory claims asserted under the Florida Deceptive and Unfair Trade Practices Act and the Florida common law claims asserted for unjust enrichment.

**DONE AND ORDERED** in Chambers this 6th day of October, 2011 in West Palm Beach, Florida.

_____
Kenneth A. Marra
United States District Judge

cc. All counsel